UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN ROGERS,

        Petitioner,

                                  CASE NO. 2:08-CV-11746
v.                                HONORABLE AVERN COHN

SHIRLEE HARRY,

        Respondent.
_____/

**MEMORANDUM AND ORDER
GRANTING RESPONDENT'S MOTION FOR SUMMARY
JUDGMENT, DENYING PETITIONER'S MOTION TO AMEND, AND
DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

I.  Introduction

This is a habeas case under 28 U.S.C. § 2254.  Michigan prisoner Brian Rogers ("Petitioner") has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 alleging that he is incarcerated in violation of his constitutional rights.  Before the Court is Respondent's motion for summary judgment seeking to dismiss the petition as untimely, as well as Petitioner's motion to amend his petition.  For the reasons that follow, Respondent's motion for summary judgment will be granted because it was not timely filed, Petitioner's motion to amend will be denied, and the petition will be dismissed.

II.  Facts and Procedural History

Petitioner challenges his convictions for larceny from a person, attempted breaking and entering, delivery of less than 25 grams of cocaine, and carrying a

concealed weapon which were imposed following three bench trials in the Wayne County Circuit Court on April 12, 1989.  He was sentenced to three to 10 years imprisonment on the larceny conviction, nine months to five years imprisonment on the attempted breaking and entering conviction, six months to four years imprisonment on the drug conviction, and six months to five years imprisonment on the weapon conviction.[1]  Petitioner filed an appeal as of right with the Michigan Court of Appeals, which affirmed his convictions and sentence.  People v. Moore, No. 120505 (Mich. Ct. App. March 6, 1992).  Petitioner did not seek leave to appeal with the Michigan Supreme Court.  See Affidavit of Corbin Davis, Michigan Supreme Court Clerk.

On August 8, 2006, Petitioner filed a motion for relief from judgment with the state trial court, which was denied on November 29, 2006.  Petitioner then filed an application for leave to appeal with the Michigan Court of Appeals which was denied.  People v. Rogers, No. 276801 (Mich. Ct. App. June 21, 2007).  He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  People v. Rogers, No. 134287 (Mich. Dec. 5, 2007).

Petitioner dated the present petition for writ of habeas corpus on April 21, 2008.  He raises claims of jurisdictional defect, newly-discovered evidence of innocence, and ineffective assistance of trial and appellate counsel.  Respondent filed the instant motion for summary judgment on November 3, 2008 arguing that the petition fails to

---

[1] While on parole for his 1989 convictions, Petitioner was convicted of second-degree murder and possession of a firearm during the commission of a felony following a jury trial in the Wayne County Circuit Court in 1992 and was sentenced to consecutive terms of 25 to 50 years imprisonment and two years imprisonment in 1993.  He is not challenging those convictions in this action.

comply with the one-year statute of limitations applicable to federal habeas actions. Petitioner has filed a reply to the motion asserting his habeas petition should be considered because it is based upon newly-discovered evidence and he is actually innocent.  He has also filed a motion to amend his petition to supplement his claims.

III.  Analysis

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996.  The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date.  See Lindh v. Murphy, 521 U.S. 320, 336 (1997).  The AEDPA amended 28 U.S.C. § 2244 to include a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments.  The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

3

>  diligence.
>
>  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  A habeas petition filed outside the time period prescribed by this section must be dismissed.  See Isham v. Randle, 226 F.3d 691, 694-95 (6th Cir. 2000).

B.

Here, Petitioner's convictions became final before the AEDPA's April 24, 1996 effective date.  Prisoners whose convictions became final prior to the AEDPA's effective date are given a one-year grace period in which to file their federal habeas petitions.  See Abela v. Martin, 348 F.3d 164, 167 (6th Cir. 2003).  Accordingly, Petitioner was required to file his habeas petition on or before April 24, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner did not file his state court motion for relief from judgment until August 8, 2006.  Thus, the one-year limitations period had expired well before Petitioner sought state post-conviction review.  A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.  See Hargrove v. Brigano, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); Jurado v. Burt, 337 F.3d 638, 641 (6th Cir. 2003).  Petitioner's state post-conviction proceedings therefore did not toll the running of the statute of limitations.  Furthermore, the AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings.  See Searcy v. Carter, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner does not allege that the State created an impediment to the filing of his habeas petition or that his claims are based upon newly-enacted law.  Rather, he asserts that he should be allowed to proceed on his claims challenging his larceny from a person and attempted breaking and entering convictions because they are based upon newly-discovered evidence – the medical records of Damon Army (the identity Petitioner says he used for medical treatment in October 1988) obtained in March, 2006 and a physician's report dated May 17, 2006 comparing Petitioner's and Army's medical records.[2]  In such a case, the limitations period begins when the factual predicate for the claim could have been discovered through the exercise of due diligence, not when it was actually discovered by the petitioner.  See Brooks v. McKee, 307 F. Supp. 2d 902, 905-06 (E.D. Mich. 2004) (citing cases).  The time commences when the petitioner knows or could have discovered the important facts for the claim, not when the petitioner recognizes the legal significance of those facts.  Id.  The start of the limitations period does not await the collection of evidence to support the facts.  Id.

B.

Petitioner, however, has not shown that his habeas claims are based upon newly-discovered facts.  The record reveals that Petitioner was well aware of the factual predicate underlying his habeas claims at the time of his same-day trials in 1989 and his subsequent appeal.  During his trial on the larceny from a person charge, Petitioner denied committing the crime and testified that he suffered a gunshot injury in October,

---

[2]Petitioner makes no such argument as to his 1989 drug and weapon convictions as those offenses occurred on June 27, 1988.  In fact, he makes no argument for the timeliness of any habeas claim(s) arising from those convictions or the tolling of the one-year period as to those claims.

5

1988 and had a knee-high cast on his left leg until November 17, 1988 which impeded his mobility. During his trial on the attempted breaking and entering charge, Petitioner argued that the prosecution failed to establish that he committed that crime and/or intended to commit a larceny so as to support a felony conviction. Petitioner testified about his leg injury at his larceny trial and Sinai Hospital medical records in Damon Army's name were admitted into evidence. See 1989 Trial Tr., pp. 14-19. Additionally, during a 1990 evidentiary hearing on Petitioner's ineffective assistance of counsel claim, Dorothy Army testified that she allowed Petitioner to use her insurance and her son's name to obtain medical treatment at Sinai Hospital for a gunshot wound to his leg in October, 1988. See 1990 Evid. Hrg. Tr., pp. 32-34. Petitioner was thus aware of the factual basis for his current habeas claims well before the expiration of the one-year grace period. As noted, the start of the limitations period does not await the collection of evidence or the recognition of the legal significance of any facts. Petitioner's habeas action is thus barred by the statute of limitations set forth at 28 U.S.C. § 2244(d) absent equitable tolling.

C.

The Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is not a jurisdictional bar and is subject to equitable tolling. In Dunlap v. United States, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the Sixth Circuit ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in Andrews v. Orr, 851 F.2d 146 (6th Cir. 1988). The five parts of this test are:

 (1) the petitioner's lack of notice of the filing requirement; (2) the

>petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Dunlap, 250 F.3d at 1008.  "These factors are not necessarily comprehensive and they are not all relevant in all cases.  Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis."  Miller v. Collins, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted).  A petitioner, however, has the burden of demonstrating that he is entitled to equitable tolling.  See Griffin v. Rogers, 308 F.3d 647, 653 (6th Cir. 2002).  "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  Jurado, 337 F.3d at 642 (quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560 (6th Cir. 2000)).

      Petitioner neither alleges nor establishes that he is entitled to tolling under the Dunlap factors.  Although he indicates that he had to follow certain procedures to obtain Damon Army's hospital records in 2006, he fails to explain why it took him 17 years to do so.  This is particularly salient given that at least some of Army's hospital records were admitted at the 1989 larceny trial and Army's mother testified at the 1990 evidentiary hearing.  Further, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling.  See Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); Holloway v. Jones, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); Sperling v. White, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases establishing that ignorance of the law, illiteracy, and lack of legal assistance do

not justify tolling). Petitioner has not shown that he is entitled to equitable tolling under Dunlap, supra.

The Sixth Circuit has also held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). See Souter v. Jones, 395 F.3d 577, 588-90 (6th Cir. 2005); see also Holloway, 166 F. Supp. 2d at 1190. As explained in Souter, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)); see also House v. Bell, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence--that was not presented at trial." Schlup, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623.

Petitioner has made no such showing. As to the larceny from a person conviction, Damon Army's medical records were admitted into evidence at trial and are not new. Second, neither those records nor the physician's 2006 report establish Petitioner's actual innocence. Even accepting that Petitioner's and Army's wounds were similar and considering the physician's opinion, Petitioner could have still committed the purse snatching on November 5, 1988 and left the scene as described by the victim who merely testified that Petitioner approached her as she opened the door to enter her home, pushed her, took her purse, and went back up the driveway. The victim

positively identified Petitioner at the lineup and at trial.  Additionally, a police officer testified that Petitioner had no trouble climbing stairs, standing, or walking at the lineup on November 20, 1988.  Further, the trial court was well aware of Petitioner's leg injury defense given his own testimony, the admission of Damon Army's hospital records, and the police officer's testimony that Petitioner showed him his injured leg.  Petitioner has failed to demonstrate that, in light of all the evidence, it is more likely than not that no reasonable factfinder would have found him guilty of the crime.

As to the attempted breaking and entering conviction, the medical records and reports also do not establish Petitioner's actual innocence.  The record indicates that Damon Army/Petitioner was treated for the gunshot injury on October 21, 1988, that the cast was removed on November 17, 1988, and that the crime was committed on November 19, 1988.  Thus, Petitioner could have attempted the residential break-in and left the scene as described at trial despite his leg injury.  Moreover, the neighbor who heard the break-in positively identified Petitioner as the person he saw fleeing the victim's house, and Petitioner was arrested in the vicinity shortly thereafter.  Petitioner has failed to demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him of the crime.  He is thus not entitled to equitable tolling of the one-year period.

## IV.  Conclusion

For the reasons stated above, Petitioner failed to file his federal habeas action within the one-year limitations period established by 28 U.S.C. § 2244(d), that he has

not demonstrated entitlement to statutory or equitable tolling, and that the statute of limitations precludes review of his habeas claims.

Accordingly, Respondent's motion for summary judgment is GRANTED. Given this determination, Petitioner's motion to amend his petition is DENIED. The petition for writ of habeas corpus is DISMISSED.

SO ORDERED.


        s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  February 3, 2009


I hereby certify that a copy of the foregoing document was mailed to Brian Rogers and the attorneys of record on this date, February 3, 2009, by electronic and/or ordinary mail.

        s/Julie Owens
Case Manager, (313) 234-5160