UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN ROGERS,

        Petitioner,

                              CASE NO. 2:08-CV-11746
v.                           HONORABLE AVERN COHN

SHIRLEE HARRY,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTION TO ALTER
OR AMEND JUDGMENT AND EVIDENTIARY HEARING**

I.

This is a habeas case under 28 U.S.C. § 2254. On February 3, 2009, the Court dismissed the petition on the grounds that it was barred by the statute of limitations. Before the Court is Petitioner's "Motion to Alter or Amend Judgment and Evidentiary Hearing," dated February 17, 2009, and brought pursuant to Federal Rule of Civil Procedure 59(e). Petitioner seeks reconsideration of the Court's dismissal, arguing, as he did in the petition, that newly discovered evidence renders his claim timely.

II.

Petitioner's motion must be denied. First, the motion is untimely. A motion for reconsideration must be filed within 10 days after entry of the judgment, see Fed. R. Civ. P. 59(e); E.D. Mich. L. R. 7.1(g)(1), and district courts do not have discretion to enlarge the time for filing a motion to alter or amend judgment brought under Rule 59(e). See Fed. R. Civ. P. 6(b); FHQ Equities, LLC v. MBL Life Assurance Corp., 188

F.3d 678, 682 (6th Cir. 1999); Erickson's Flooring & Supply Co., Inc. v. Basic Coatings, Inc., No. 04-74990, 2008 WL 2858774, *3 (E.D. Mich. July 23, 2008).  Petitioner's motion was filed more than ten days after the Court's decision and is therefore untimely.

Second, even if Petitioner's motion is deemed timely, it lacks merit.  A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted.  See Hence v. Smith, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); Czajkowski v. Tindall & Assoc., P.C., 967 F. Supp. 951, 952 (E.D. Mich. 1997).

Petitioner's motion presents the same arguments previously considered and rejected y the Court.  The Court properly dismissed the petition for failure to comply with the one-year statute of limitations application to federal habeas actions.  Petitioner's convictions became final in 1992 and he did not seek collateral review in the state courts until 2006, well after the one-year grace period for filing his habeas action expired.  Petitioner was aware of the factual basis for his claims at the time of his trial and appeal and his purported "new" evidence does not establish his actual innocence. Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3).

08-11746 Rogers v. Harry

III.

Accordingly, Petitioner's motion is DENIED.  This case is closed.

SO ORDERED.

           S/Avern Cohn
           AVERN COHN
           UNITED STATES DISTRICT JUDGE

Dated:  February 24, 2009

I hereby certify that a copy of the foregoing document was mailed to  Brian Rogers, 200686, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442 the attorneys of record on this date, February 24, 2009, by electronic and/or ordinary mail.

           S/Julie Owens
           Case Manager, (313) 234-5160