UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN ROGERS,

        Petitioner,

v.

CASE NO. 2:08-CV-11746
HONORABLE AVERN COHN

SHIRLEE HARRY,

        Respondent.
_____/

**ORDER DENYING A CERTIFICATION OF APPEALABILITY**

I.

This is a habeas case under 28 U.S.C. § 2254.  On February 3, 2009, the Court dismissed the petition on the grounds that it was barred by the statute of limitations.  On February 24, 2009, the Court denied Petitioner's "Motion to Alter or Amend Judgment and Evidentiary Hearing," under Federal Rule of Civil Procedure 59(e).  On March 2, 2009, Petitioner signed and dated a notice of appeal from the Court's February 3, 2009 order and judgment.

II.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) under 28 U.S.C. § 2254(c)(1)(A) and Fed. R. App. P. 22(b) must issue.  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, the petition is dismissed on procedural grounds, petitioner must show "that reasonable

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were 'adequate to deserve encouragement to proceed further.'" 120 S. Ct. at 1603-04 (quoting Barefoot v. Estelle, 463 U.S. 880, 898 n.4 (1983)).

The Supreme Court has explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a certificate of appealability must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the certificate of appealability has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a certificate of appealability. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam). Where, as here, a petitioner files a notice of appeal, the Court must issue an order granting or denying a certificate of appealability. See Castro v. United States, 310 F.3d 900 (6th Cir. 2002) (per curiam).

III.

As fully explained in the orders of February 3 and 24, 2009, the petition is clearly time-barred and Petitioner is not entitled to equitable tolling based on newly discovered

evidence or actual innocence.  Reasonable jurists would not debate the Court's conclusions or find that the petition should proceed further.

    SO ORDERED.

                                      s/Avern Cohn  
                                      AVERN COHN  
                                      UNITED STATES DISTRICT JUDGE

Dated:  March 17, 2009

I hereby certify that a copy of the foregoing document was mailed to Brian Rogers 200686, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442 and the attorneys of record on this date, March 17, 2009, by electronic and/or ordinary mail.

                                      s/Julie Owens  
                                      Case Manager, (313) 234-5160